

54590006
Page: 1 of 4
08/29/2001 11:48A
FRANK WILLIAMS, SUMMIT CO AUDITOR
LC 22.00

# THIS AGREEMENT

Made at Akron, Ohio, this 2nd day of August A.D., 2001, by and between RICHARD SANDY, whose tax mailing address is 177 Grand Avenue, City of Akron, County of Summit, and State of Ohio, the **Party of the First Part**, hereinafter referred to as the Seller, and U AND I PROPERTIES, LIMITED, whose mailing address is 1655 W. Market Street, Suite 400, City of Akron, County of Summit, and State of Ohio, the **Party of the Second Part**, hereinafter referred to as the Buyer.

That the Seller hath this day agreed to sell by Land Contract to the Buyer the following described tract of or lot of land situated in the City of Akron, County of Summit, and State of Ohio, further described as follows:

Situated in the County of Summit in the State of Ohio and in the City of Akron and known as being part of Lot Eleven (11) in Portage Township, bounded and described as follows: Beginning in the Southerly line of Grand Avenue where it is intersected by the Easterly line of Exchange Street; thence South 89 deg. 15' East along the South line of said Avenue One Hundred Seventeen and 85/100 (117.85) feet to the beginning place of land here described; thence South at right angles to said Grand Avenue line Ninety-Seven (97) feet; thence East parallel to said Grand Avenue Forty (40) feet; thence Northerly parallel to the Westerly line of the land hereby conveyed Ninety-Seven (97) feet to the Southerly line of Grand Avenue; thence Westerly on said Grand Avenue line Forty (40) feet to the place of beginning; said Lot is 40 x 97 feet in size and it is to be known as Lot No. 14 of a proposed allotment, be and same more or less, but subject to all legal highways.

Also known as 177 Grand Avenue, Akron, Description approved by Tax Maps Approval good for 30 days from MM 8-29-01

PPN: 67-34235  01-01370-04-018.000

And the Buyer does hereby agree to pay to the Seller for the land aforesaid, the sum of Forty Two Thousand Dollars ($42,000.00) being the cash price paid and the value of said premises, payable as follows:

Five Thousand Dollars ($5,000.00) cash in hand, the receipt whereof is hereby acknowledged, and the balance of Thirty Seven Thousand Dollars ($37,000.00) as a Land Contract representing the unpaid balance of the cash price, payable in equal monthly installments of not less than Four Hundred Fifty Dollars ($450.00) per month, for a period of one (1) year, with a balloon payment of the balance due on or before September 1, 2002, plus 1/12 the annual real estate taxes in the amount of $65.83 for a total payment of 515.83. If real estate taxes are increased over those in effect at the signing of this Land Contract, the monthly payments will be adjusted accordingly. The payments are due the 1st day of each month, commencing and falling due on the 1st day of each month thereafter for said one (1) year period.

The Buyer shall be responsible for payment of taxes, assessments and any other charges against the property from the date of signing this contract. The Seller agrees to have a copy of the Land Contract recorded within twenty (20) days of signing by both parties.

Interest on the unpaid balance shall be at the rate of nine and one-half per cent (9.5%) amortized over an eleven (11) year period. ( See copy of Amortization table attached hereto)

The Seller agrees to furnish a statement for the Buyer at least once a year, but no more than twice,

showing the amount credited to principal and interest and the balance due. In case of default by the Buyer in any of the conditions stipulated to be performed by them, the fair rental value of the premises will be deemed to be Four Hundred Fifty Dollars ($450.00) per month, all monies paid hereunder may, at the option of the Seller be applied as liquidated damages. In the event that any installment shall become overdue for a period in excess of ten (10) days, a late charge of .01 cents for each dollar ($1.00) so overdue may be charged by the Seller for the purpose of defraying the expense incident to handling such delinquent payment.

The Seller agrees not to place a mortgage, or mortgages, against the property in an amount greater than the balance of this Land Contract, without the consent of the Buyer.

The following is a statement by the Seller of all holders of encumbrances:

__First Mortgage__ held by United Midwest Savings

_____ held by _____

_____ held by _____

and the amount owed does not exceed the amount of the balance due on this Land Contract.

The Seller agrees no pending order of any public agency is against the property. In the event the Seller defaults on payments of the mortgage or mortgages described above, the Buyer can pay on the reference mortgage(s) and receive credit on the Land Contract installments.

In the event that after thirty (30) days the Buyer is in default of the terms and conditions of this Land Contract, the Seller shall give written notice of said defaults by carrying a copy of the notice to the Buyer, by leaving it in the Buyer's usual place of abode, or at the property which is the subject of this Land Contract, or by certified mail to the Buyer's last known address. The notice specifies the terms and conditions which have not been complied with, and notifies the Buyer the within contract will stand forfeited unless the Buyer performs the terms and conditions within ten (10) days of service of such notice.

The Buyer, prior to the expiration of thirty (30) days from date of last payment which was not paid, may avoid notice of forfeiture by making all payments currently due under the contract and any fees or charges for which the Buyer is liable. If such payments are made within thirty day period, forfeiture of the interest of the Buyer shall not be enforced.

If the Land Contract has been in effect for less than five years, in addition to any other remedies prescribed by law and after expiration of the period prescribed by Sections 5313.05 and 5313.06 of the revised code appearing above, if the Buyer is still in default of any payment, the Seller may bring action for forfeiture of the Buyer's rights in the Land Contract and for restitution of the Seller's property under Sections 1923.01 and 1923.14 inclusive, of the revised code. The court may also grant any other claim(s) arising out of this Land Contract.

Time is of the essence in the performance of the within contract. The within contract shall not be



assigned or conveyed, in whole or in part, by the Buyer without the written consent of the Seller. A waiver by the Seller with respect to any default shall not be construed or held to be a waiver of any subsequent or other default by the Buyer. The Buyer further agrees to keep the building now on said land, or which may hereafter be erected thereon, insured for not less than Forty Two Thousand Dollars ($42,000.00) in a solvent insurance company approved by the Seller, and such policy shall benefit the Seller as its interest may appear, and to place and keep the policy of such insurance with the Seller, and to pay all taxes and assessments of every description whatsoever that may be levied or assessed upon said land or any part thereof, from and after the date of these presents.

Now, if the Buyer shall well and truly pay the full purchase money aforesaid, with interest, taxes, assessments and insurance at the time and in the manner above stipulated, then, on the full receipt thereof and not otherwise, the Seller shall well and truly make and deliver, or cause to be made and delivered, to the Buyer on surrender of its duplicate Land Contract, a good and sufficient Warranty Deed, and to provide a Guaranteed Title issued by American Certified Title in the amount of the purchase price of this Land Contract, of the land aforesaid, subject to any mechanic's lien or encumbrances caused by the acts of the Buyer and subject to the conditions, restrictions and stipulations herein named, otherwise free from any and all encumbrances save taxes and assessments due and to become due, which said Buyer assumes and agrees to pay. Seller shall pay for the cost of the guaranteed title. Seller and Buyer shall split equally any closing costs associated with the transfer of the title. Seller shall pay the conveyance fees.

This Land Contract shall be binding upon the heirs, executors, administrators and assigns of the respective parties named herein.

In witness whereof, the parties hereunto set their hands and seal to duplicates, this 28 day of _August_, 2001.

Signed and acknowledge in the presence of:

_[signatures]_

RICHARD SANDY

U AND I PROPERTIES, LIMITED
By: E. Spencer Muse

U AND I PROPERTIES, LIMITED
By: Jon Middendorf

54590006
Page: 3 of 4
08/29/2001 11:48A
LC          22.00
FRANK WILLIAMS, SUMMIT CO AUDITOR

STATE OF OHIO         )         Before me, a notary public in and for said County and State,
                      ) SS
SUMMIT COUNTY         )         personally appeared the above named RICHARD SANDY who acknowledged
that he did sign the foregoing instrument and that the same is his free act and deed.

IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at
Akron, Ohio this 28th day of August, A.D. 2001.

NOTARY PUBLIC

STATE OF OHIO         )         Before me, a notary public in and for said County and State,
                      ) SS
SUMMIT COUNTY         )         personally appeared the above named U AND I PROPERTIES LIMITED by E.
Spencer Muse and Jon Middendorf, members who acknowledged that they did sign the foregoing instrument
and that the same is their free act and deed.

IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at
Akron, Ohio this ___ day of _____, A.D. 2001.

NOTARY PUBLIC
My Commission has no exp date

This Instrument Prepared By:
E. SPENCER MUSE
Attorney at Law
1655 West Market Street
Akron, OH 44313



54590006
Page: 4 of 4
08/29/2001 11:48A
LC        22.00
FRANK WILLIAMS, SUMMIT CO AUDITOR